By the Court.
Is the beneficiary under an unprobated will a necessary party to an action to contest a later will which has been duly admitted to probate?
In Kennedy, Exr., v. Walcutt, 118 Ohio St., 442, 161 N. E., 336, it was held that a beneficiary under a prior unprobated will could maintain an action to contest a later probated will. It was, however, pointed out in *173 the opinion that the contestant could maintain the action only by making out a prima facie case as to the validity of the will under which he claims and that the validity of such will could not be a question for the jury, but a mixed question of law and fact for the court. It does not follow because such beneficiary could maintain an action as contestant that all beneficiaries under prior wills are necessary parties defendant in will contest cases.
Section 12080, General Code, provides as follows': “All the devisees, legatees, and heirs of the testator, and other interested persons, including the executor or administrator, must be made parties to the,action,” It has been held that this section is mandatory and that the parties indicated therein are necessary and indispensable and must be joined as defendants. Reformed Presbyterian Church v. Nelson, 35 Ohio St., 638; Sears v. Stinehelfer, 89 Ohio St., 163, 105 N. E., 1047.
There is a distinction between Sections 12079 and 12080, General Code. Under the former a “person interested in a will” which has been admitted to probate may contest its validity. This court is content with the interpretation of that section made in Kennedy, Exr., v. Walcutt, supra, but is unwilling to so interpret the words “other interested persons” in Section 12080, General Code, as to require beneficiaries under prior wills to be brought in as indispensable parties defendant. By requiring that prior unprobated wills must 'be searched out and beneficiaries named therein made parties defendant, almost insurmountable difficulties would be presented in will contests. Frequently such wills are not discovered until long after the death of the testator and as they are not of record contestants would have no means of ascertaining their existence in many instances.
This court holds that Sam and Anna Banachowicz *174 were proper but not necessary parties defendant to the action in the trial court.
Judgment of the Court of Appeals will therefore be affirmed.

Judgment affirmed.

Weygandt, C. . J., Stephenson, Williams, Jones, Matthias, Day and Zimmerman, JJ., concur. — —